(Pleito No. 83.—Fallado el 10 de Septiembre de 1900)

## MESTRE contra CABASSA.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

RECURSOS. En el escrito interponiendo un recurso por error en la apreciación de las pruebas debe precisarse si el error es de hecho ó de derecho, y citarse para el segundo caso, la ley ó doctrina legal que se suponga infringida, de acuerdo con lo preceptuado en los artículos 1,690, número 7, y 1,718 de la Ley de Enjuiciamiento Civil.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez de Septiembre de mil novecientos, en el pleito seguido en el suprimido Juzgado de 1ª Instancia de San Germán y en el Tribunal del Distrito de San Juan, sobre nulidad de obligación de pagos y siete peticiones más, entre partes, de una, como demandantes Don Santiago R. Palmer y Don Enrique San Millán, representantes de la sucesión de Don Salvador Mestre y Mora, y de otra, como demandados, Don Luis Polonio, Doña Carmen y Doña Angela Cabassa y Tassara, Doña Rita Nadal de Mooyer, Don Pablo Hernández y Pérez, Don Pablo y Doña Josefina Hernández y Cartagena y Doña Nicolasa Bellvé y Márquez, viuda de Chavarri; pleito pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por los demandantes, representados y dirigidos por el Letrado Don Juan Hernández López, habiendo llevado la representación y defensa de los demandados el Letrado Don Herminio Díaz Navarro.— Resultando: Que por escritura pública otorgada en la Ciudad de Mayagüez, á diez de Enero de mil ochocientos noventa, ante el Notario Don Santiago Rosendo Palmer,

é inscrita en el Registro de la Propiedad de San Germán, los hermanos Don Luis Polonio, Don Juan, Doña Carmen y Doña Angela Cabassa y Tassara vendieron á Don Salvador Mestre y Mora, la hacienda de cañas denominada "Acacia," con sus establecimientos y fábricas, radicada en los barrios de Benavento y Bajura, de los Municipios de Hormigueros y Cabo-Rojo, y compuesta de ciento cincuenta y seis hectáreas, tres área y sesenta y siete centiáreas, de las cuales radican en Hormigueros cincuenta y una hectáreas, nueve áreas y cincuenta centiáreas, como también los establecimientos y fábricas, y el resto de ciento cuatro hectáreas, noventa y cuatro áreas y catorce centiáreas en Cabo-Rojo, bajo las colindancias que en dicho documento se expresan, habiéndose verificado la venta por precio de veinte y siete mil cuatrocientos pesos moneda corriente, de los cuales el comprador se reservó ocho mil pesos, en pago de igual suma que le adeudaban los vendedores, y once mil pesos que debían á Don Carlos Fajardo, á virtud de crédito hipotecario contraído á su favor por escritura de de veinte y seis de Septiembre de mil ochocientos setenta, á cuyo pago se obligaba Mestre, comprometiéndose éste además á satisfacer los ocho mil cuatrocientos pesos restantes del precio á Doña Carmen Cartagena de Hernández y á Doña Rita Nadal de Mooyer, á la primera dos mil ochocientos pesos por cuenta de Don Luis Polonio Cabassa, en la siguiente forma: ochocientos pesos en el mes de Abril de mil ochocientos noventa y uno, mil pesos en igual mes de mil ochocientos noventa y dos, y otros mil pesos en el propio mes de mil ochocientos noventa y tres; y á la segunda, cinco mil seiscientos pesos por cuenta de Doña Carmen y Doña Angela Cabassa, pagaderos mil seiscientos pesos en Abril de mil ochocientos noventa y uno, y dos mil pesos en cada mes de Abril de los años de mil ochocientos noventa y dos y mil ochocientos noventa y tres, á cuyos pagos quedaba hipotecada la finca vendida, con excepción de una extensión de terreno de diez y seis hectáreas, catorce áreas y veinte y

una centiáreas.—Resultando : Que por otra escritura pública otorgada en la misma Ciudad de Mayagüez á veinte y siete de Marzo de mil ochocientos noventa y siete, por ante el Notario Don Mariano Riera Palmer, Doña Rita Nadal y Cuevas, viuda de Mooyer, vendió ó cedió á Doña Nicolasa Bellvé y Márquez, el crédito hipotecario que le había sido reconocido por Don Salvador Mestre y Mora, reducido ya á cuatro mil setecientos cincuenta pesos, por haberle sido satisfechos ochocientos cincuenta, que con la anterior suma dan el valor total de cinco mil seiscientos pesos que montaba dicho crédito, verificándose la cesión, que también fué inscrita en el Registro de San Germán, por igual cantidad de cuatro mil setecientos cincuenta pesos, que confesó haber recibido de la cesionaria, á la que subrogó en su lugar y derecho para el cobro.—Resultando : Que por otra escritura otorgada en la repetida Ciudad de Mayagüez, á dos de Abril de mil ochocientos noventa y siete, por ante el mencionado Notario Don Mariano Riera Palmer, Don Pablo Hernández y Pérez, como viudo de Doña Carmen Cartagena, y los hijos de éstos, Don Pablo y Doña Josefina Hernández y Cartagena, cedieron á Doña Nicolasa Bellvé y Márquez, el crédito hipotecario constituído á favor de su causante sobre la hacienda "Acacia", por igual valor de dos mil ochocientos pesos que dicho crédito representaba, y que confesaron tener recibidos de la cesionaria á la que subrogaban en su lugar y derecho para el cobro, cesión que igualmente fué inscrita en el Registro de la Propiedad de San Germán.—Resultando : Que Doña Nicolasa Bellvé y Márquez, siguió procedimiento ejecutivo sumarísimo contra la sucesión de Don Salvador Mestre y Mora para el cobro de los siete mil quinientos cincuenta pesos que le adeudaba, como cesionaria de Doña Rita Nadal y Cuevas, viuda de Mooyer, y de los causahabientes de Doña Carmen Cartagena de Hernández, habiendo acordado el Juzgado de 1.ª Instancia de San Germán, por auto de veinte y ocho de Septiembre de mil ochocientos noventa y siete, fueran requeridos la viuda

de Mestre, Doña Ricarda Caparrós y Don José A. Caparrós, como tutor de sus menores hijos Don Salvador, Don Enrique y Don Ricardo Mestre, para que en el término de treinta días pagaran á Doña Nicolasa la referida cantidad con los intereses legales correspondientes, bajo apercibimiento de procederse á la subasta de la finca hipotecada.—Resultando: Que en doce de Enero de mil ochocientos noventa y ocho la sucesión de Don Salvador Mestre y Mora, ó sean, Don Enrique San Millán, como esposo de Doña Ricarda Caparrós, y Don Santiago R. Palmer, como tutor de los menores Don Salvador, Don Enrique y Don Ricardo Mestre y Caparrós, produjeron demanda ante el Juzgado de 1ª Instancia de San Germán contra Don Luis Polonio, Doña Carmen y Doña Angela Cabassa y Tassara, Doña Rita Nadal de Mooyer, Don Pablo Hernández y Pérez, Don Pablo y Doña Josefina Hernández y Cartagena, y Doña Nicolasa Bellvé de Chavarri, solicitando se resolviera por sentencia: 1.º Que era nula y de ningún valor y efecto, como simulada, la obligación de pagos por Don Luis Polonio, Doña Carmen y Doña Angela Cabassa y Tassara, á favor de Doña Rita Nadal de Mooyer y Doña Carmen Cartagena de Hernández, que el difunto Don Salvador Mestre y Mora se comprometió á extinguir por cuenta de los referidos Cabassa y Tassara, según la escritura de compra-venta de la hacienda "Acacia" de diez de Enero de mil ochocientos noventa.—2.º Que la hipoteca constituída por Mestre y Mora en dicha escritura lo fué en favor de los vendedores Cabassa y Tassara para garantizar el pago que por cuenta de ellos debía hacer Mestre á Doña Rita Nadal de Mooyer y á Doña Carmen Cartagena de Hernández; 3.º Que estaban bien hechos los pagos recibidos por Doña Rita Nadal, Don Luis Polonio, Doña Carmen y Doña Angela Cabassa, en cuanto sirven para descargar á Mestre y Mora de la obligación hipotecaria contraída, y que había sido novada por nueva convención; 4.º Que también era nula la cesión del referido crédito hipotecario otorgada por Doña Rita Nadal y sucesores de Doña Carmen Cartagena de Hernández, en

favor de Doña Nicolasa Bellvé de Chavarri; 5? Que igualmente eran nulas las inscripciones hechas en el Registro de la Propiedad con relación al crédito hipotecario de que se deja hecho mérito en favor de Doña Rita Nadal, Doña Carmen Cartagena y herederos de ésta, así como la inscripción de la cesión en favor de Doña Nicolasa Bellvé; 6? Que era nulo también todo el procedimiento sumario establecido por Doña Nicolasa Bellvé contra la sucesión de Don Salvador Mestre y Mora, para hacer efectivo el crédito que le fué cedido; 7? Que se cancelaran todas las inscripciones de referencia hechas en el Registro de la Propiedad; y 8? Que se condenara á los demandados, con excepción de Doña Nicolasa Bellvé, á indemnizar á los demandantes de cuantos daños y perjuicios se les hayan causado y causen con motivo del procedimiento sumario establecido sobre la hacienda "Acacia", y al pago de todas las costas, incluyendo en esa última responsabilidad á la Doña Nicolasa, si no se allanara á la demanda y persistiera en sostener temerariamente su derecho.—Resultando: Que los demandantes alegaron como hechos fundamentales de su demanda el contenido de la escritura de compra-venta de la hacienda "Acacia", de diez de Enero de mil ochocientos noventa; el mérito de las escrituras de veinte y siete de Marzo y dos de Abril, por las que Doña Rita Nadal y la sucesión de Doña Carmen Cartagena cedieron á favor de Doña Nicolasa Bellvé el crédito hipotecario constituído á su favor; el procedimiento sumario seguido por Doña Nicolasa Bellvé contra la hacienda "Acacia" para el cobro del crédito cedido; los gravísimos perjuicios causados por ese procedimiento á la sucesión Mestre; la simulación ó falta de causa de la obligación por la que Mestre y Mora se comprometió á pagar á Doña Rita Nadal y á Doña Carmen Cartagena las cantidades de ocho mil cuatrocientos y dos mil ochocientos pesos respectivamente en la escritura de compra-venta de la hacienda "Acacia," pues esa obligación se debía solamente á un acto de confianza entre las referidas señoras y los vendedores Cabassa, quienes si-

guieron entendiéndose con Mestre en todo lo relativo á dicho crédito; los pagos de varias cantidades hechos por Mestre á Doña Carmen, Doña Angela y Don Luis Polonio Cabassa y á Doña Rita Nadal; el pacto celebrado por Doña Angela y Doña Carmen con Mestre, aplazando el pago del crédito para cuando lo pudiera solventar Mestre, á condición de pagar los intereses que fueron satisfechos desde la fecha de dicho pacto; la no intervención de Doña Rita Nadal y de Doña Carmen Cartagena en la escritura de compra-venta de la hacienda "Acacia", sin que por ningún acto demostraran su aceptación para que Mestre les pagara, pues no la revelaban en manera alguna los recibos de cantidades por Doña Rita; la constitución de hipoteca en favor de los hermanos Cabassa para garantir el cumplimiento de la obligación de pagar por cuenta de ellos á terceras personas, las cuales, de haber sido cierta la deuda, conservarían íntegros sus derechos contra dichos Cabassa, no obstante la intervención de mero pago por parte de Mestre; la inscripción en el Registro de la Propiedad de los títulos presentados, á pesar de estar eliminado de la hipoteca un cuerpo de terreno de cuarenta y una cuerdas, y de no determinarse á cual de los dos cuerpos de terreno en que estaba dividida la hacienda "Acacia" correspondía el eliminado; y finalmente el procedimiento seguido por Doña Nicolasa Bellvé para el cobro de todo el crédito cedido con exclusión sólo de ochocientos pesos, cuando los vendedores Don Luis Polonio, Doña Carmen y Doña Angela Cabassa habían recibido más de tres mil pesos á cuenta de dicho crédito: habiendo invocado como fundamentos de derecho, los artículos 4º, 1,255, 1,275, 1,282, 1,300 y 1,303 del Código Civil, los artículos 30 y 33 de la Ley Hipotecaria, el 175 del Reglamento de la misma, y las sentencias del Tribunal Supremo de Justicia de catorce de Enero y nueve de Mayo de mil ochocientos ochenta y seis, de seis de Abril de mil ochocientos ochenta y ocho, de veinte y nueve de Enero, y de veinte y uno de Febrero y veinte y tres de Abril de mil ochocientos

noventa y tres.—Resultando: Que los demandados todos al contestar la demanda impugnaron la nulidad solicitada, y sostuvieron la eficacia y valor legal de las obligaciones y actos tachados de nulos, explicando que con excepción de ochocientos pesos que percibió Doña Carmen Cabassa, todas las demás partidas satisfechas por Mestre lo fueron en concepto de intereses á razón del uno por ciento mensual convenido entre el deudor Mestre y los acreedores de Don Luis Polonio, Doña Carmen y Doña Angela Cabassa; y formulando á la vez reconvención contra la sucesión Mestre para que pague á Doña Nicolasa Bellvé la cantidad de cuatro mil ochocientos setenta y nueve pesos que en concepto de intereses adeudaba á Doña Rita Nadal y á Doña Carmen Cartagena, de las que era cesionaria la Doña Nicolasa, suplicaron se le absolviera de la demanda y se condenara á la referida sucesión Mestre á que dentro de tercero día pagara á Doña Nicolasa Bellvé de Chavarri la referida suma, con las costas todas del juicio á la parte demandante. —Resultando: Que en los escritos de réplica y dúplica reprodujeron las partes sus respectivas pretensiones, oponiéndose la sucesión Mestre á la reconvención. hecha y solicitando se le absolviera de ella por los hechos y fundamentos de derecho que recomendó en apoyo de su pretensión.— Resultando: Que recibido el pleito á prueba, se practicaron las propuestas, y corridos los demás trámites de dos instancias, el Tribunal del Distrito de San Juan, en grado de apelación, con fecha diez y seis de Abril último dictó sentencia revocatoria de la del Juzgado de 1ª Instancia de San Germán, por la que declaró sin lugar la demanda objeto del litigio y con lugar la reconvención deducida por Doña . Nicolasa Bellvé, condenando á la sucesión de Don Salvador Mestre y Mora al pago de la cantidad reconvenida y de las costas de 1ª Instancia, sin especial condena de las de 2ª Instancia.—Resultando: Que contra esa sentencia interpuso la parte demandante recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la

Ley de Enjuiciamiento Civil, limitándose á consignar que en la sentencia se aprecian con error las pruebas que sirven de fundamento á su derecho y citando como infringidos: 1° Los artículos 1,255 y 1,275 del Código Civil, en el concepto de que se' reputan válidas obligaciones con pactos ilegales, como los contenidos á favor de Doña Rita Nadal y Doña Carmen Cartagena en la escritura de compra-venta de la hacienda "Acacia," de diez de Enero de mil ochocientos noventa, entre los vendedores Don Luis Polonio, Doña Carmen y Angela Cabassa, cuyos pactos carecen de causa por ser simulados, siendo por tanto nulos é ineficaces en derecho. 2° El artículo 1,282 del mismo Código, en el concepto de que el valor de esas obligaciones debe deducirse de los propios actos de los contratantes. 3° Los artículos 1,300 y 1,303 del propio Código, en el concepto de que por las razones expresadas deben ser anuladas tales obligaciones con todos los efectos señalados en el segundo de dichos artículos. 4° El artículo 33 de la Ley Hipotecaria y 175 de su Reglamento, en el concepto de que siendo simuladas y nulas esas obligaciones son nulos todos los actos y actuaciones que hayan sido su consecuencia, aun cuando hayan dado lugar á inscripciones en el Registro de la Propiedad. Visto, siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que en el escrito interponiendo el recurso de casación por error en la apreciación de las pruebas debe precisarse si ese error es de hecho ó de derecho, y citarse para el segundo caso la ley ó doctrina infringida en la materia, según así se desprende de los artículos 1,690 número 7° y 1,718 de la Ley de Enjuiciamiento Civil, á cuyas condiciones no se ajusta el interpuesto á nombre de Doña Ricarda Caparrós y sus menores hijos Don Salvador, Don Enrique y Don Ricardo Mestre y Caparrós, pues su representación se ha limitado á consignar que en la sentencia se aprecian con error las pruebas que sirven de fundamento á su derecho, sin indicar siquiera cual sea el error cometido; y por tanto falta base para discutir y resolver dicho recurso

bajo el supuesto expresado, ó sea en cuanto se dice autorizado por el número 7º del artículo 1,690 ya citado de la Ley de Enjuiciamiento Civil.—Considerando: Que el recurso, en cuanto se funda en el número 1º del mismo artículo y ley, combate la apreciación de las pruebas hecha por el Tribunal sentenciador, quien ha estimado no ser simulados los pactos y obligaciones que como tales califica el recurrente, invocando como infringidos bajo el supuesto de la simulación los artículos 1,255, 1,275, 1,282, 1,300 y 1,333 del Código Civil, 35 de la Ley Hipotecaria y 175 de su Reglamento; y que siendo indiscutible en casación, por no haberse impugnado en forma, dicha apreciación de las pruebas, no cabe tampoco discutir y resolver si se han cometido ó no las infracciones legales que se dejan apuntadas.—Fallamos: Que debemos declarar y declaramos no haber lugar á resolver el recurso de casación interpuesto contra la sentencia pronunciada por el Tribunal del Distrito de San Juan, con las costas á cargo de la parte recurrente, y comuníquese esta resolución con devolución de los autos á dicho Tribunal á los fines correspondientes.—Así por ésta nuestra sentencia, que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbachar.

Publicación.—Leída y publicada fué la anterior senténcia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rio á diez de Septiembre de mil novecientos.—E. de J. López Gaztambide. ,